UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
VANGELIS GOICO AKA
VANGELIS GOCIO

JUDGE KOELTL

                              Plaintiff,

      -against-

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICERS
PAUL URQUIAGA OF THE 48TH
POLICE PRECINCT and OTHER
OFFICERS WHOSE IDENTITIES ARE
UNKNOWN AT THIS TIME ALL MEMBER OF THE NYPD
S

**TRIAL BY JURY**
**DEMANDED**

14 CV - 6731 Civil No.

**SUMMONS &**

**COMPLAINT**

                       Defendants,
-----------------------------------------------------------X

Plaintiff, VANGELIS GOCIO, TRUE NAME VANGELIS GOICO by and through his attorney, Andres M. Aranda Esq., respectfully shows to this court and alleges as following:

**INTRODUCTION**

1. This is an action, commenced by plaintiffs for money damages against defendants for committing acts within the scope of their employment and under color of law and depriving plaintiff of their rights secured by the Constitution and laws of the United States and the State of New York.

Plaintiffs allege that defendants, individually and through said Officers deprived him of his right to be free from being falsely arrested, maliciously prosecuted, assaulted, battered, humiliated and caused to suffer physical pain and mental anguish.

This action has been commenced within three years after plaintiffs' claim arose by reason of the false arrest, malicious prosecution, assault, battery, unusual and unnecessary excessive force being used to effect the illegal and false arrest of the plaintiffs with unnecessary excessive force being used to arrest then. This unnecessary force caused each plaintiff to sustain serious physical and emotional injury which caused substantial pain, resulting in the plaintiff having to seek medical attention. The plaintiffs was incarcerated, deprived of his liberty and

freedom of movement and was caused to feel scared, apprehensive, humiliated, abused, rejected and abandoned by society.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. Sec. 1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the State of New York.

3. Jurisdiction is founded upon 28 U.S.C. Sec. 1331, 1343 (1-4), and 2202.

4. Venue is proper in this district pursuant to 28 U.S.C. Sect. 139 (b).

## JURY DEMAND

5. Plaintiffs demand trial by jury in this action.

## PARTIES

6. Plaintiffs VANGELIS GOICO is a U S Citizens and life- long residents of the United States and OF BRONX COUNTY.

7. Defendant CITY OF NEW YORK (CITY) is a municipal corporation organized under the laws of the State of New York and the public employer of POLICE OFFICER PAUL URQUIAGA OF THE 48TH PRECINCT AND THE OTHER MEMBERS OF THE NEW YORK CITY POLICE FORCE THAT PARTICIPATED IN THE PLAINTIFF'S ARREST AND PROSECUTION and the John and Jane Doe police officers named as a defendant in this action and whose identities are still unknown. All of which led to the police arresting Ms. AROCHO FALSELY, USING EXCESSIVE FORCE TO EFFECTUATE SAID FALSE ARREST AND USING EXCESSIVE FORCE TO ARREST MR. VANGELIS GOICO. In addition, said Police Officers, and other members of the police Force used profane, racist and otherwise disgusting language when addressing plaintiffs. P. O. PAUL URQUIAGA failed to prepare a proper Memo Book entry in an apparent attempt to protect his fellow officers.

8. Defendant New York City Police Department is an agency of the City of New York, existing and operating by virtue of the laws of the State of New York and the City of New York.

9. At all times relevant herein, defendant Police Officers, were acting as agents, servants and employees of the defendant CITY of New YORK and in furtherance of and within the scope of THEIR employment as members of the City's Police Force, and in furtherance of THE BUSINESS OF THE City, and acting under color of law; to wit as NEW YORK City Police Officers and by virtue of the rules, regulations and statutes of the defendant City of New York. The

Defendant City is responsible as respondeat superior for the actions, and inactions, of its agents, and employees, acting under color of law and in the carrying out of their employment and the business of said City Defendant.

## FACTUAL ALLEGATIONS

10. `On or about AUGUST 29, 2013 at approximately 12:40 AM, the Plaintiff was driving in a vehicle when the police pulled him and his friends over. After asking for license and other paper work, they asked them to step out of the car. They proceeded to remove all occupants from the car and searched the vehicle. The police officers then started to play by saying "should we let them go or should we arrest them". They would then laugh. Then, without warning, the officers produced their weapons and arrested all four occupants of the vehicle. Mr. Goico was incarcerated from August 29, 2013 through September 4, 2013 when the matter was dismissed and sealed. He spent time at the 46th and 48th Precincts, Bronx Central Booking and the Vernon C. Bain Detention Center. ALL TERRIBLY BAD PLACES. On September 4, 2013 all charges were dismissed as there was no evidence of any criminality.

11. On the day of his arrest, the police approached plaintiffs as they were peacefully and lawfully inside a vehicle when the car was pulled over. The car was searched with no contraband being found, the police nevertheless arrested Mr. Goico and charged him with several false and bogus counts, including Criminal Possession of a Weapon in the Second Degree, possession with intend to use unlawfully against another. The police failed to perform even the most basic of investigations prior to arresting the plaintiffs. However, we know that the police officers are under pressure to make arrests from their superiors to make arrest and fulfill arrest quotas, all without regard for the legality of the arrest, the safety of the innocent citizen being arrested or any regard for the civil rights of the poor unfortunate punching bags and dupes being taken into police custody. They were approached by police officers who proceeded to VIOLENTLY AND WITHOUT GOOD CAUSE OR PROBABLE CAUSE to, use excessive force, assault and arrest them, even while they protested their innocence and repeatedly asked why they were being arrested, assaulted and abused by the very people sworn to protect them from harm. This use of excessive force was not only unnecessary, but it was wantonly and illegally done. Mr. Goico as well as the others present protested their innocence at the place of arrest, at the precinct and in the Courthouse and even in the jail house. His case was eventually dismissed after several days in jail.

12. PLAINTIFF, after he was arrested and assaulted, was questioned by Police Officers, members of the NYPD and servants, employees of the City of New York. He indicated to the officers the truth of what had happened and the defendants failed to investigate, instead mocking them and proceeding to process them and put them through the system. The officers NEVER ATTEMPTED TO VERIFY PLAINTIFFS STORY WITH THE POLICE CAMERAS LOCATED AT THAT VERY SAME CORNER, OR IN ANY OTHER CREDIBLE WAY, INCLUDING TALKING TO

WITNESSES AT THE SCENE, or other merchants and neighbors. However, he was handcuffed, illegally searched, and battered all without any cause or justification, in violation of Plaintiffs' civil rights. He was arrested without any CRIMINALITY ON his part and without even performing a minimal investigation as to what, if anything, had transpired at the scene.

13. Mr. GOICO was DETAINED AT ARRAINGMENT and given a court date. He appeared in Court and the charges were dismissed by the Court on September 4, 2013 when the People failed to produce a weapon or a ballistic report.

14. MS. GOICO was incarcerated for approximately 168 hours INCARCERATED.

15. MR. GOICO WAS EVENTUALLY RELEASED AND THE MATTER WAS DISMISSED AND SEALED BY THE HONORABLE JUDGE MOORE.

16. The CHARGES AGAINST Mr. were dismissed on September 4, 2013, as the defendant therein, plaintiff herein, was innocent. The police officers failed to produce any credible evidence, or to show any probable cause for her arrest on any charge, or to even show up in Court and the matter had to be dismissed.

17. The ordeal greatly traumatized Mr. VANGELIS GOICO and his family as a result of his unlawful incarceration, and the excessive force used to arrest him, including being violated and humiliated as a direct result of the unnecessary, inhuman treatment that plaintiffs received at the hands of the police officers, suffered the deprivation of freedom, HE WAS ASSAULTED DURING THE ARREST. The criminal charges against the DEFENDANT THEN, PLAINTIFF NOW, were terminated favorably.

## DAMAGES

18. As a direct and proximate result of the said acts of the defendants, Mr. VANGELIS GOICO, WHO WAS BORN ON NOVEMBER 6, 1991, suffered the following injuries and damages:

   a. Violation of his civil rights under the Fourth, Fifth and Fourteenth Amendments to the Constitution;
   b. Loss of physical liberty due to incarceration;
   c. Humiliation, embarrassment and injury to reputation.
   d. Attorney fees.
   e. Pain and suffering as a result of the unnecessary and excessive force used to arrest him without probable cause and/or justification.
   f. Bruises about body and face due to the excessive force used to unlawfully arrest them.

  g. Mental pain and anguish due to their arrest, accusation, incarceration and the excessive and unnecessary force used to arrest this 22 year old working male.
  h. Excessive force was unnecessarily used to arrest Plaintiff.

## CAUSES OF ACTION

### COUNT 1

**42 U.S.C. SEC. 1981, 1983 – FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS:  FALSE ARREST**

19.     Paragraphs 1-18 are incorporated by reference as though fully set forth.

20.     Plaintiff, VANGELIS GOICO, did not commit ANY CRIMINAL ACT OR ACTS OR VIOLATIONS, either before or at the time he was unlawfully arrested, imprisoned, prosecuted and deprived of his Constitutional rights as set forth in the Constitution of the United States, particularly 42 U.S.C. Sec. 1983 and the Constitution of the State of New York, any illegal act. The Fourth Amendment protects people from unreasonable searches and seizures. The plaintiff claims that his arrest, incarceration, beating, search and arrest were unlawful because it was made without probable cause to believe that Mr. GOICO had committed any of the crimes for which he was allegedly arrested. The continued prosecution which forced Mr. GOICO to remain incarcerated for WELL OVER 168 HOURS, in fact he spent 28 hours behind bars waiting to be arraigned; was made with malice by the officers who wrongfully arrested and detained him AND CAUSED HIM TO RETURN TO COURT AND PHYSICALLY ABUSED HIM. USING EXCESSIVE FORCE TO ARREST HIM AND RIDICULING HIM IN THE PROCESS.

21.     As a direct result of the illegal actions and conduct on the part of the defendants, their agents, servants and employees, acting under color of law, plaintiff was unlawfully arrested and imprisoned, until he was released.

22.     That on or about AUGUST 29, 2013, at approximately 12:40 AM. That day, while the plaintiffs were lawfully inside a vehicle, the police arrested him without probable cause or justification to do so. THE POLICE ARRIVED AND WITHOUT CONDUCTING ANY INVESTIGATION, AND WITHOUT ANY PROBABLE CAUSE AND/OR JUSTIFICATION, STOPPED AND SEARCHED A VEHICLE AND THEREAFTER, WITHOUT FINDING ANY CONTRABAND, THE POLICE ARRESTED PLAINTTIFF AND USED EXCESSIVE FORCE TO ARREST HIM AND MALICIOUSLY AND NEGLIGENTLY PROSECUTED HIM. All of this took place in BRONX County and subsequent times thereafter, including but not limited to the 48TH. New York POLICE Precinct, the defendants, their agents, servants and employees falsely accused and arrested PLAINTIFFS without any probable cause or any justification, right or grounds therefore. And unfairly, unjustly, and mercilessly beat them

up using excessive and unnecessary force AND MEANS to carry out his unlawful and illegal arrest.

23. That the plaintiff was wantonly deprived of his liberty and unnecessarily humiliated. That unnecessary and excessive force was used to arrest this 22 year old Hispanic male. He was injured during the arrest process without justification, or provocation.

24. That the defendant police officer, were acting under color of law and authority; did not have any probable cause, permission or justification whatsoever, to arrest or injure plaintiffs, who were unmercifully beaten up and used as both a punching bag and a step stool by members of the NYPD.

25. That at all times hereinafter mentioned, the defendant police officers were employed in their respective capacities by the Defendant CITY and THE NEW YORK CITY POLICE DEPARTMENT and were acting under the color of their official capacity and their acts were performed under the color of the polices, statues, ordinances, rules and regulations of the CITY and in furtherance of the official business of said City of New York. The City is responsible as respondeat superior for the actions of its employee police officers and said defendant City and is Police Department have failed to properly train its officers, including failing to train then so that they don't beat up, kick, punch, physically abuse, verbally abuse or mace helpless individuals, particularly when they don't resist, do not pose a threat to the officers' safety and after they have been handcuffed or make them pull their pants down, bent over and spread the cheeks of their behinds . The City also failed to supervise its police department or it's individual officers and that by reason of that failure, this sad and unnecessary beating and arrest occurred.

26. That at all times hereinafter mentioned, the defendants John and Jane Doe Police Officers were acting under color of law and in their official capacity as New York City Police Officers and as agents of the City of New York.

27. That during all times hereinafter mentioned, the defendant police officers and each of them, separately, and in concert, acted under color and pretense of law, to wit: under color of the statues, ordinances, regulations, customs and usages of the CITY and the defendants herein, separately and in concert, engaged in the illegal conduct here mentioned to the injury of the plaintiff, VANGELIS GOICO and deprived HIM of HIS rights privileges and immunities secured to plaintiffs by the Fourth and Fourteenth Amendments to the Constitution of the United States and the laws of the United States to wit: to be free from warrantless searches and arrest without probable cause. The defendants' actions played a substantial role in bringing about a deprivation of the Fourth Amendment right to be free of unreasonable search and seizure and restraint on his liberty without due process and arrest without probable cause. All of the named defendant Police Officers acted with malice and used unnecessary and excessive force to handcuff and restraint Mr. VANGELIS GOICO who was 22 years old at the time of this abusive arrest and who weighed approximately 130 lbs.

28. That the defendant City of New York failed to properly train and supervise its police force allowing it to act in an unlawful, illegal and wanton manner arresting and abusing members of the public, all without probable cause or justification. Recent case law as well as newspaper articles, news bulletins and general bad press received by the NYPD, including with regards to its stop and frisk policy, have put the City of NY and its Police Department on notice of the need for better training, supervision and selection of its officers, and said officers, on the date of the arrest, were working under pressure to make arrest and fulfill arrests quotas without any regards for the civil rights of the citizens of the City of New York, including Plaintiffs. The arresting OFFICERSARE PRONE TO ARRESTING INNOCENT CIVILIANSS, INCLUDING PLAINTIFF, WHO WAS NOT ENGAGED IN ANY CRIMINALITY WHATSOEVER AT THE TIME OF HIS UNLAWFUL ARREST.

29. That said City was aware of the unlawful, illegal and wanton acts of its police force and of the pattern of illegal arrests being conducted by said police force, including but not limited to punching, kicking, making, and otherwise abusing young/ old male minorities, including plaintiff.

30. Furthermore, the defendants, each and every one of them, were all negligent in carrying out their respective duties towards the citizens and public of the City of New York, and were motivated by malice, prejudice and ill will towards the Hispanic community of THE BRONX. The NYPD, through its Police Force, is trying to harass, antagonize and get rid of the minorities residing in BRONX in an attempt to "clean-up" the area for gentrification purposes, much like they have done to other parts of the City, including The Lower East Side and El Barrio/Spanish Harlem.

FEDERAL CIVIL RIGHTS CLAIM

Plaintiff VANGELIS GOICO repeats and re-alleges paragraphs 1 through 30.

31. Defendant police officers' actions were part of a pattern, practice, policy and modus operandi of the Police Department of the City of New York and the Defendant City of New York to ignore and violate the Constitutional rights of the people they come in contact with and whom they are supposed to serve.

32. The acts of NYPD, Detectives, UNDERCOVER OFFICERS and Police Officer defendants herein and the various John and Jane Does were committed under their authority as NYPD and as police officers vested under and by virtue of the laws of the State of New York, and were, therefore, committed under the color of statute and the laws of the State of New York.

33. The defendant City knew of the need for additional screening, training, supervision, disciplining and holding accountable of police officers to insure that : (a) they refrain from ignoring evidence that would indicate that an accused is innocent; (b) refrain from misrepresenting, withholding or falsifying evidence; (c) exercising care and thoroughness in the investigation and prosecution of a case involving the alleged possession of narcotics, particularly when none were found; (d) accurately identify and handle exculpatory material, such as the absence of narcotics.

34. Through intention and deliberate indifference, the Defendant City failed to adequately provide for screening, training, supervising, and disciplining of police officers with respect to the above mentioned issues. This type of intentional conduct and deliberate indifference is evidenced by news articles, demonstrations and decisions of the courts of the state of New York reporting that the NYPD and its employees are and have engaged in various acts of misconduct including but not limited to, "testilying", the falsification of evidence, the wrongful withholding of evidence of innocence, physically and emotionally abusing defendants, Abner Louima and Amadou Diallo, for instance, giving false, incomplete and misleading testimony, and generally failing to act in a reasonable, professional and honest capacity including but not limited to the following decisions:

    Riddick v. City of New York, 772 NYS 2d, 294, 4 A.D. 3d 242 (1st Dept. 2004)
    Bonefant v. Kelly, 759 NYS 2d 872, 306 A.D. 2d 108 (1st Dept. 2003)
    Wagnwe v. Kerik, 748 NYS 2d 860, 298 A.D. 2d 322 (1st Dept. 2002)
    Seligson v. Kerik, 744 NYS 2d 655, 295 A.D. 2d 262 (1st Dept. 2002)
    Foy v. Safir, 717 NYS 2d 126, 277 A.D. 2D 169 (1ST Dept. 2000)
    Titone v. Safir, 717 NYS 2d 22, 277 A.D. 2d 161 (1st Dept. 2000)
    Castro v. Safir, 717 NYS 2d 44, 277 A.D. 2d 123 (1st dept. 2000)
    Mieles v. Safir, 707 NYS 2d 437,, 272, A.D. 199 (1ST. Dept. 2000)
    Sanniti v. Safir, 689 NYS 2d 479, 261 A.D. 2d 153 (1st, Dept. 1999)
    Brovakos v. Bratton, 678 NYS 2d 21, 254 A.D. 2d 32 (1st Dept. 1998)
    Ranalli v. Safir, 672 NYS 2d 872, 250 A.D. 2d 507 (1st. Dept. 1998)
    Vasquez v. Safir, 673 NYS 2d 12, 250 A.D. 2d 448 (1st. Dept. 1998)
    People v. Kenrick, 162 Misc. 2d 75, ( Crim. N.Y. Cty 1994)

35. Upon information and belief, based on and supported by several newspaper articles, police officers have not been discipline by the defendant City or defendant NYPD for their misconducts, despite repeated judicial findings that police officers have engaged in misconduct. Such failure constitutes deliberate indifference toward the constitutional rights of the accused and such misconduct constitutes a practice, pattern and custom of engaging in police misconduct including but not limited to withholding exculpatory evidence, filing false complaints and arresting without probable cause, to name a few. The NYPD has created a culture of violence and oppression, particularly in the minority communities, which has been ignored and tacitly approved by the superiors within the department and those in charge of running and supervising the NYPD and its individual police officers.
36. By virtue of the decisions referred to above, and other information and court decisions, NYPD and the City knew that the need for adequate training, screening, supervising and disciplining of its employees was, and is, compelling because of the overriding credo of those such as the defendants herein to make arrests and clear cases quickly and at all costs with deliberate and total disregard for the truth, the safety of those arrested and for the constitutional rights of the accused.
37. The acts, conduct and behavior of the defendants herein were callous, unnecessary, negligent and as such plaintiffs were injured and damaged in the sum of ten million dollars.
38. At all times relevant the defendants police officers and NYPD were acting WITHIN THE SCOPE OF THEIR EMPLOYMENT AND/OR POLICY MAKER FOR THE CITY OF NEW YORK, WITH THE CONSENT AND KNOWLEDGE OF THEIR SUPERIORS.
39. To the extend applicable, New York City is liable as respondeat superior for said defendants' actions.
40. Defendant City of New York knew or should have known of the Police defendants' propensity to engage in illegal, wrongful and negligent acts as detailed above, including but not limited to beating up a helpless civilian who was sleeping on a couch and arresting said civilian without any evidence, probable cause or reason to do so, and the City has failed to correct such wanton police conduct.
41. Defendant City failed to take adequate steps to discipline, train, supervise or otherwise correct the improper and illegal conduct of said defendants and/or as a matter of policy and practice, has with deliberate indifference failed to take steps to uncover and/or correct such conduct on the part of its police force.
42. Defendant City of New York has damaged plaintiff by its failure to properly supervise, train, discipline, review, remove, or correct the illegal and improper acts of said defendants and/or as a matter of policy and practice, has with deliberate indifference, failed to take steps to uncover and/or correct such conduct.
43. The injuries suffered by plaintiff were proximately caused by each and every one of the policies and practices set forth herein, INCLUDING THE USE OF EXCESSIVE FORCE TO ARREST PLAINTIFF.
44. The actions of the defendants; including the City of New York, resulted in the deprivation of Plaintiff's rights pursuant to the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

45. As a result of the false arrest, assault, battery, defamation, malicious prosecution, unlawful imprisonment, the violations of said rights and deprivation of liberty, THE Plaintiff was damaged in the sum of Fifty Million Dollars.

That by reason of the aforesaid, the Plaintiff has been damaged in the sum of TEN MILLION DOLLARS (10,000,000.00.

**WHEREFORE**, plaintiff requests the following relief as against all of the defendants:

1. Award compensatory damages in the amount of Ten Million Dollars on each cause of action.
2. For such other and further relief as to this Court may deem just and proper.

Dated: Bronx, New York
DECEMBER 13, 2013

_____
Andres M. Aranda
930 Grand Concourse, suite 1A
Bronx, New York 10451
(718) 590-1904
(718) 541-9241
Amarandawill.c.u@g-mail.com

9/3/13

New York State Unified Court System

WebCrims

# Case Details - Summary

## CASE INFORMATION

Court: **Bronx Criminal Court**
Case #: **2013BX050491**
Defendant: **Gocio, Vangelis**

### Defendant

Name: **Gocio, Vangelis**
Birth Year: **1991**
NYSID: **1238467Y**

### Incident and Arrest

**Incident**
Date: **August 29, 2013**
CJTN: **66223138M**

**Arrest**
Date & Time: **August 29, 2013 03:11**
Arrest #: **B13660040**

**Officer**
Agency: **NYPD**
Command: **48**

### Attorney Information

**Defense Attorney**
Name:
Type: **18B (Assigned)**
Court Date: **August 29, 2013**

Case Details - Summary

9/3/13

Case Details - Summary

| Court Part: | **APAR3** |
|---|---|
| Assistant District Attorney | |
| Name: | |
| Assigned: | **August 29, 2013** |

**Next Appearance**

| Date: | **September 3, 2013** |
|---|---|
| Court: | **Bronx Criminal Court** |
| Part: | **FA** |

**Docket Sentence**

**No Sentence Information on File**